## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Cheskel Gross, individually and on behalf of all others similarly situated; | Civil Action No: 1:21-cv-3989 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| -v.- | |
| Radius Global Solutions LLC, | |
| Defendant(s). | |

Plaintiff Cheskel Gross (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Radius Global Solutions LLC (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## <u>INTRODUCTION/PRELIMINARY STATEMENT</u>

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Kings.

8.    Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with a business address of 7831 Glenroy Rd. Suite 250 Minneapolis, MN 55439 and address for service of process at C T Corporation System, 111 8th Fl 13, New York, NY 10011.

9.    Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.    Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.    The Class consists of:

    a.   all individual consumers;

    b.   to whom Defendant sent a collection letter attempting to collect a consumer debt;

    c.   which imposed improper non-interest charges or fees accrued since charge-off;

    d.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12.    The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13.    Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

3

is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e, 1692f and 1692g et seq.

15.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a.     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b.     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ l692e, l692f, and l692g et seq.

c.     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d.     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent

4

class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20.     Some time prior to July 23, 2020, an obligation was allegedly created to the creditor, U.S. Bank National Association.

21.     Upon information and belief, U.S. Bank National Association contracted Defendant for the purpose of collecting the defaulted debt associated with an account ending in 4238. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

22.     Upon information and belief, the original subject obligation arose out of a credit card debt. The subject debt was incurred by Plaintiff solely for personal, household or family purposes.

23.     The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a (3).

24.     The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a (5).

### *Violation – July 23, 2020 Collection Letter*

25.     On or about July 23, 2020, Defendant sent the Plaintiff a collection letter regarding the alleged debt owed to U.S. Bank National Association. (See Letter at Exhibit A.)

26.     Around the middle of the letter, Defendant states in relevant part:

> **Itemization of Debt:**
> Total Amount Due as of Charge-Off: $4,533.39
> Total Amount of Interest Accrued Since Charge-Off: $0.00
> Total amount of Non-Interest Charges or Fees Accrued Since Charge-Off: $820.78
> Total of Payments Made Since Charge-Off: $0.00

27.     Beyond the interest and fees already included within the underlying total of $4,533.39 as of the point of charge-off, Defendant seeks to collect additional fees post-charge-off.

28.     However, Defendant has no basis for charging the "post charge-off fees" in the underlying agreement between the Plaintiff and the original creditor.

29.     Defendant is not permitted by law to charge the "post charge-off fees."

30.     Furthermore, the fees are generically defined and are excessive as they represent close to 20% of the amount of the post charge-off debt.

31.     Therefore, Defendant seeks to collect an amount that misrepresents the debt, in violation of 15 U.S. Code § 1692 (e) et seq., as the Defendant was not expressly authorized by the agreement creating the debt or permitted by law to charge excessive "non-interest charges or fees accrued since charge-off".

32.     In result, the Plaintiff incurred an informational injury as Defendant misstated the total amount of the debt by adding impermissible fees to the total balance.

33.     Plaintiff incurred concrete and particularized harm in that Plaintiff did not give serious consideration to repayment of the subject debt because the post charge-off fees were so excessive.

34.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## <u>COUNT I</u>

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

35.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

36.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

37.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38.     Defendant violated §1692e:

    a.  As the letter falsely represents the true amount of the debt in violation of §1692e(2)(A); and

    b.  By making a false and deceptive representation in violation of §1692e (10).

39.    By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692f et seq.

40.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

42.    Pursuant to 15 U.S.C. §1692f (1), a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of a fee incidental to the principal obligation unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

43.    Defendant violated §1692f (1):

    a.  As the letter seeks to collect non-interest charges or fees accrued post charge-off of $820.78, which is not expressly authorized by the agreement between the Plaintiff and U.S. Bank National Association or permitted by law.

44.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f (1) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692g et seq.

45.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

47.     Pursuant to 15 U.S.C. §1692g(a)(1), a debt collector must provide notice of a debt, including the amount of the debt.

48.     Defendant violated §1692g(a)(1):

a.   As the letter falsely represents the true amount of the debt.

49.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated Section 1692g(a)(1) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

50.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Cheskel Gross, individually and on behalf of all others similarly situated, demands judgment from Defendant Radius Global Solutions LLC as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated: July 14, 2021                                     Respectfully Submitted,

                                                         **STEIN SAKS, PLLC**

                                                          **/s/ Tamir Saland** 
                                                         Tamir Saland, Esq.
                                                         One University Plaza, Ste. 620
                                                         Hackensack, NJ 07601
                                                         Ph:  201-282-6500 ext. 122
                                                         Fax: 201-282-6501
                                                         tsaland@steinsakslegal.com
                                                         *Counsel for Plaintiff*